UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>XINA YANG,<br><br>                            Defendant. | Case No. 20-CR-185-2-JPS<br><br>**ORDER** |

1. **INTRODUCTION**

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 17, 2024). Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the "Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA]

(last visited Apr. 17, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In March 2024, Defendant Xina Yang ("Defendant") moved the Court to reduce her term of imprisonment based the above-noted retroactive provision of Amendment 821. ECF Nos. 792, 793.[1] She also moved the Court to appoint her counsel for assistance with her motions for sentence reduction. ECF Nos. 780, 794. For the reasons stated below, the Court will deny Defendant's motions to reduce her term of imprisonment pursuant to Amendment 821 and will deny her motions for counsel as moot.

## 2. BACKGROUND

Defendant pleaded guilty to, and was formally adjudicated guilty of, a single count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and 18 U.S.C. § 2. ECF No. 358 at 3; ECF No. 620 at 1. In May 2022, Defendant

---

[1] Defendant also moves for a sentence reduction on the ground that she is eligible under U.S.S.G. § 4A1.1 with respect to status points. ECF No. 792 at 1; ECF No. 793 at 1. The Court has received no indication that Defendant is eligible for a sentence reduction under the portion of Amendment 821 that applies to status points. Indeed, Defendant's presentence report indicates that she did not receive any status points; therefore, she is not eligible. *See Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 17, 2024) ("Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction.").

But even if she were eligible, the Court would nevertheless deny her a reduction thereunder for the same reason that it denies her a reduction under the Zero-Point Offender Amendment, U.S.S.G. § 4C1.1, *see infra* Section 3.

appeared before the Court for sentencing. ECF No. 620 at 2. For sentencing purposes, Probation calculated the applicable Guidelines as follows:

> Total Offense Level: 34
> Criminal History Category: I
> 151 to 188 months of imprisonment

ECF No. 616. Probation also noted that Defendant was subject to a mandatory minimum term of imprisonment of ten years. ECF No. 555 at 43; ECF No. 622 at 1. The Court sentenced Defendant to a term of ten years' imprisonment to be followed by a five-year term of supervised release. ECF No. 616 at 2; ECF No. 620 at 3.

Defendant is currently incarcerated at Waseca FCI with a projected release date in March 2030. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 17, 2024).

3.  **LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[2] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the

---

[2]Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to U.S.S.G. §1B1.10 clarifies that a reduction "is not authorized under . . . § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A).

As noted above, the Zero-Point Offender Amendment permits a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the enumerated aggravating factors. U.S.S.G. § 4C1.1(a).

Defendant has no criminal history points, and she represents that her offense of conviction did not involve any of the aggravating factors set forth in U.S.S.G. § 4C1.1(a). ECF No. 793 at 3. Nevertheless, the Court may not reduce Defendant's sentence under Amendment 821 because Defendant was subject to, and received, a mandatory minimum term of imprisonment. ECF No. 622 at 1; ECF No. 620 at 3. Accordingly, the Court is constrained to deny Defendant's motions for sentence reduction, ECF Nos. 792 and 793, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction. The Court will also deny as moot Defendant's motions for appointment of counsel, ECF Nos. 780, 794.

Accordingly,

**IT IS ORDERED** that Defendant Xina Yang's motions to reduce her term of imprisonment pursuant to Amendment 821, ECF Nos. 792, 793, be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Xina Yang's motions to appoint counsel, ECF Nos. 780, 794, be and the same are hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge